**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| CHESTER RIVER HEALTH SYSTEM, INC., et al. | : : : : | |
| v. | : : | Civil No. CCB 04-2948 |
| HBE CORPORATION, at al. | : : : | |

**MEMORANDUM**

Plaintiffs Catherine Simmons, David Simmons, Sharon Dempsey, Bill Dempsey, Christine Worth, Michael Worth, and Chester River Hospital ("Chester River") instituted this action against HBE Corporation ("HBE") and Delcard Associates, Inc. ("Delcard").[1] Chester River sought to recover amounts it was obligated to pay in expenses, including workers' compensation benefits, as a result of injuries and illnesses that were claimed to have been caused by construction work on the hospital performed by HBE, the prime contractor, and Delcard, its subcontractor. The individual plaintiffs sought to recover damages for their individual injuries and for loss of consortium.

HBE has filed a cross-claim for indemnification and contribution against Delcard.

In February 2006, HBE entered into a settlement with Chester River and the individual plaintiffs. Delcard received the benefit of that agreement but did not participate in drafting the Release, nor did it contribute to the settlement. The Release was fully executed by all of the plaintiffs, but it was not signed by Delcard or HBE. HBE now seeks to pursue its cross-claim for indemnification and contribution against Delcard. Delcard, in turn, has filed a motion to dismiss

---

[1] The court consolidated the individual plaintiffs' cases with this case on February 10, 2005. *See* Docket Entry No. 26.

the cross-claim. The motion has been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons that follow, I will deny Delcard's motion to dismiss.

## ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Edwards*, 178 F.3d at 244. In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. *See, e.g.*, *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions); *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (affirming Rule 12(b)(6) dismissal with prejudice because the plaintiff's alleged facts failed to support her conclusion that the defendant owed her a fiduciary duty at common law).

Delcard argues that HBE's cross-claim should be dismissed because the Release, executed by Chester River and its individual employees, not only released HBE and Delcard from liability to the plaintiffs, it also released Delcard from any potential liability it might have

to HBE.  To be more precise, Delcard argues that because the Release included language stating that it was "for the express purpose of ending the litigation and dismissing with prejudice all of the claims consolidated and set for in Case No. 1:04 CV 2948 CCB," the Release necessarily included the cross-claim and, thus, the cross-claim was dismissed.  Delcard argues, moreover, that the Release absolves it of indemnification and contribution because the Release stated that the agreement was "to extinguish any possibility of expense or liability on the part of the Released parties and to any other person, by way of or as a result of the claimed indemnity or contribution or otherwise as a result of the Occurrence."

Delcard's motion is based on a misconstruction of the Release.  The Release executed by Chester River and the individual plaintiffs does not prohibit HBE from asserting its cross-claim against Delcard.  To the contrary, the Release states the following: (1) that Chester River and the individual plaintiffs are the "Releasors"; (2) that the Release only settles the claims of the Releasors; and (3) that the Release protects HBE and Delcard from losses resulting from claims for indemnity or contribution asserted by "any other person."  The exact language of the Release states:

> HBE Corporation has reached agreement with CRH and Claimants to settle and resolve fully and finally any and all claims of CRH and Claimants arising out of the Occurrence, including those against HBE Corporation and DELCARD Associates, Inc., and HBE Corporation has agreed to pay agreed upon consideration to settle the litigation with the Claimants and CRH, on behalf of both HBE Corporation and DELCARD Associates, Inc.  In consideration of the terms set forth below, the Undersigned agrees to release both HBE Corporation and DELCARD Associates, Inc. (collectively the "Released Parties") for the express purpose of ending the litigation and dismissing with prejudice all of the claims collectively consolidated and set forth in Case No. 1:04 cv 2948 CCB.

Release at 2.

Further, the Release makes it clear that it is the Releasors' intent to insulate the Releasees (*i.e.,* HBE and Delcard) from claims of "any other person," not from claims of each other.  The

exact language states:

> [I]t is the intention of the Undersigned by this General Release, to extinguish not only all claims that now exist in favor of the Undersigned against the Released Parties as a result of the Occurrence, but also to extinguish any and all claims that may exist in favor of the Undersigned against any other person or entity as a result of the Occurrence, and also to extinguish any possibility of expense or liability on the part of the Released Parties to any other person, by way of, or as a result of claimed indemnity or contribution as a result of the Occurrence.

Release at 2.  As the language makes clear, the Release differentiates between the "Released Parties" (*i.e.*, HBE and Delcard) and "any other person."  Hence, the Release only reveals the Releasors' clear intent to extinguish their own claims against HBE, Delcard, and any other person, and therefore has no impact whatsoever on HBE's cross-claim against Delcard.

Finally, the Release includes language that assigns all of the Releasors' rights to HBE:

> The Undersigned parties, being of lawful age, for themselves, their heirs, executors, administrators and assigns, hereby completely convey to HBE Corporation any and all rights or claims they ever had, do have and will ever have, known or unknown, and release and forever discharge the Released Parties and any and all other persons, firms and corporations of and from any and all actions.

Release at 3.  Because the Release expressly assigns the Releasors' rights and claims associated with the occurrence to HBE, it is quite clear that HBE's claims against Delcard have not been extinguished.

In summary, the Release executed between Chester River, the individual plaintiffs, HBE, and Delcard releases HBE and Delcard only from those claims that have been or may be brought by the Releasors, who are clearly identified as Chester River and the individual plaintiffs.  Thus, Delcard's assertion that the Release "preclude[s] HBE from maintaining any claims against Delcard" is not supported by the plain language of the Release.  Mot. 2.  Delcard, moreover, offers no explanation of why HBE would release all of its claims against Delcard, when HBE filed its cross-claim against Delcard prior to settling with Chester River and the individual

plaintiffs.  Indeed, the assignment language appears to be a additional measure aimed at preserving HBE's right to seek contribution and indemnification from Delcard.  Delcard's motion to dismiss will therefore be denied.

     A separate order follows.


| August 30, 2006 |         /s |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |